UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE MARSHALL FANT,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>E. QUILES, et al.,<br><br>　　　　Defendants. | Case No. CV 14-3574-SJO (SP)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## I.

## INTRODUCTION

On August 19, 2014, plaintiff Willie Marshall Fant, a California state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint in this court pursuant to 42 U.S.C. § 1983. Plaintiff alleges his rights under the Eighth Amendment were violated when he was served with food infested with insects while he was housed at the California Rehabilitation Center in Norco ("CRC-Norco"). The complaint names the following CRC-Norco employees as defendants: E. Quiles, Food Manager I; Jones, Assistant Food Manager; and

1

Cynthia Tampkins, Warden.

After careful review and consideration of the allegations of the complaint under the relevant standards, the court finds for the reasons discussed hereafter that the complaint fails to state a claim against any of the named defendants. Accordingly, the court finds the complaint subject to dismissal, but grants plaintiff leave to amend, as discussed below.

## II.
## ALLEGATIONS OF THE COMPLAINT

On September 29, 2011, during the evening meal at CRC-Norco, plaintiff discovered a large black roach, not intact, causing plaintiff to feel nauseated. Plaintiff discussed this with prison staff, as did another inmate who found a large roach leg in his food. Plaintiff put the roach he found in a ziploc bag and submitted it with a grievance on September 30, 2011.

Plaintiff's grievance was heard by defendant Jones in October 2011. Defendant Jones assured plaintiff an exterminator was on the grounds and would be spraying every Tuesday. Plaintiff was called into committee that month and told by Captain Water at the end of the meeting that his name had been coming up concerning the issue and he better lay low. Plaintiff was not called back again about the issue. In June 2012 plaintiff inquired of defendant Jones concerning the issue, and Jones told plaintiff it was in process and they would get it to him.

On July 12, 2012, plaintiff found a swarm of ants on his breakfast tray in the CRC-Norco dining hall. Plaintiff showed the ants to a correctional officer, who had the tray replaced and collected. Plaintiff was told defendant Jones would call him in as soon as possible, but plaintiff was not called in.

On September 25, 2013, plaintiff discovered swarming ants in his dinner. Plaintiff reported this to correctional officers and told them this was not the first

time he had found insects in his food.  One of the officers offered another tray but plaintiff declined.  Plaintiff submitted a grievance two days later.

On October 14, 2013, in a CRC-Norco dining hall, plaintiff heard Sgt. Aguilar joking about the unsanitary conditions of the kitchen and all the rats she saw that morning.

On October 16, 2013, defendant Jones heard plaintiff's grievance and took plaintiff on a tour of the kitchen.  Plaintiff found a few rat traps and live roaches.  He gathered one of the dead roaches and photocopied it as a grievance tour exhibit.

Defendant Jones again interviewed plaintiff on October 28, 2013.  Defendant Jones said he did not know what happened to plaintiff's initial grievance with the roach attached but it was not deliberately made irretrievable.  Defendant Jones then copied the September 30, 2011 initial roach grievance form.  Plaintiff told defendant Jones about the ants circling leftover food.  Defendant Jones told plaintiff the scullery machine is not used to clean but to steam-kill germs.

On December 11, 2013, inmate workers in the engineer shop reported removing rats from the ovens in CRC-Norco's main kitchen in October.  Staff Supervisor Gillette said he did not know when or what was pulled out of the ovens, but plaintiff believes Gillette was being deliberately deceptive.

### III.
### LEGAL STANDARDS

The Prison Litigation Reform Act obligates the court to review complaints filed by all persons proceeding in forma pauperis, and by all prisoners seeking redress from government entities.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A.  Under these provisions, the court may sua sponte dismiss, "at any time," any prisoner civil rights action and all other in forma pauperis complaints that are frivolous or malicious, fail to state a claim, or seek damages from defendants who are immune.

*Id.*, *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

The dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In making such a determination, a complaint's allegations must be accepted as true and construed in the light most favorable to the plaintiff. *Love v. U.S.*, 915 F.2d 1242, 1245 (9th Cir. 1990). Further, since plaintiff is appearing pro se, the court must construe the allegations of the complaint liberally and must afford plaintiff the benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). But the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

## IV.

## DISCUSSION

Plaintiff's sole claim appears to be that the conditions of his confinement at CRC-Norco amounted to cruel and unusual punishment in violation of the Eighth Amendment. "The Constitution . . . 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (internal citations omitted). In addition, a prison official must exhibit

"deliberate indifference" to violate the Eighth Amendment. *Id.* at 297.

For allegations of deliberate indifference by a prison official to state an Eighth Amendment claim, they must satisfy two requirements. First, the deprivation or harm suffered by the prisoner must have been "sufficiently serious," that is, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (quoting *Wilson*, 501 U.S. at 298, and citing *Helling v. McKinney*, 509 U.S. 25, 35, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993)). And second, the "prison official must have a 'sufficiently culpable state of mind,'" that is, "one of 'deliberate indifference' to inmate health or safety.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 297, 302-03). The mental state of deliberate indifference is equivalent to that of reckless disregard; to be liable, the prison official must know of and disregard an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 836-37.

In this case, plaintiff has not alleged facts satisfying either requirement for an Eighth Amendment claim. First, he has not alleged a sufficiently serious deprivation. Plaintiff alleges that on three occasions over a two-year period, he was served meals at CRC-Norco in which insects were either in his food or on his tray. On at least two of the occasions plaintiff was offered another tray or meal. "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). Of course, "subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995). But that was not that case here. On the few occasions when plaintiff found insects in or near his food, he was generally offered replacement

food. Although seeing the insects may well have spoiled his appetite, and the allegations concerning rats in the kitchen are likewise unappetizing, there are no allegations that he was served food that was unsafe in any way.

    Second, plaintiff has not alleged facts showing that any of the defendants, or any other prison staff, acted with deliberate indifference. First, as noted, when plaintiff found insects in or near his food, he was generally offered replacement food. This is not deliberate indifference. As to defendant Jones, plaintiff alleges: Jones heard his first grievance in October 2011 and assured plaintiff an exterminator was on the grounds and would be spraying every Tuesday; Jones heard another grievance on October 16, 2013 and that same day took plaintiff on a tour of the kitchen during which plaintiff found rat traps along with live and dead roaches; and on October 28, 2013 Jones again followed up with plaintiff, copying plaintiff's initial grievance that had been lost and discussing the problems plaintiff alleged. Although defendants Jones may not have followed up with plaintiff as frequently as plaintiff would have liked, his repeated discussions with plaintiff and the steps he took to advise plaintiff about spraying and to show plaintiff the kitchen, including rat traps, are not the actions of one who is disregarding plaintiff's concerns. Indeed, it appears that the prison as a whole was taking steps to address insect and rat problems with the spraying and the traps.

    Plaintiff does not allege any facts at all concerning defendants Quiles or Tampkins. "In order for a person acting under color of state law to be liable under section 1983[,] there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (citations omitted). A supervisor is liable for the constitutional violations of a subordinate only "if the supervisor participated in or directed the violations, or knew of the violations and

failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, there are simply no allegations to support a claim against defendant Quiles or defendant Tampkins.

Accordingly, the court finds that the allegations in the complaint are insufficient to state an Eighth Amendment claim against any defendant.

## V.
## LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the complaint is subject to dismissal. As the court is unable to determine whether amendment would be futile, leave to amend is granted. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, **IT IS ORDERED THAT**:

1) Within 30 days of the date of this order, or by **December 15, 2014**, plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. The Clerk of Court is directed to mail plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which plaintiff is encouraged to utilize.

2) If plaintiff chooses to file a First Amended Complaint, plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. The First Amended Complaint must be complete in and of itself, without reference to the original complaint or any other pleading, attachment or document.

An amended complaint supersedes the preceding complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the court will

treat all preceding complaints as nonexistent. *Id.* Because the court grants plaintiff leave to amend as to all his claims raised here, any claim that was raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

**Plaintiff is cautioned that his failure to timely comply with this Order may result in a recommendation that this action be dismissed**.

DATED: November 13, 2014

_____
SHERI PYM
United States Magistrate Judge